Tracy Ray Gibson #1436824
Mark Stiles Unot 08,962-01
3060 FM 3514
Beaumont, Tx. 77705

August 21st, 2015

Re: wr-68,962-01

Dear Clerk of Court Abel Acosta,

Enclosed is my "rebuttal", to the, Defendants, order to deny applicants writ for habeas corpus. I am not able to have access to a photocopy machine to provide copies because of my indigent status. Please send one to my trial court. Thank you!

Sincerely,
Tracy Gibson
Tracy Gibson

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 26 2015

Abel Acosta, Clerk

# In the Criminal Court of Appeals
## Austin, Texas

Trial Court No: F149622007

Writ No: WR-68,962-01

Tracy Gibson #1436824
Mark Stiles Unit
3060 FM 3514
Beaumont, Tx 77705
(Pro se Applicant)

-v-

State of Texas
145th Superior District Court
Nacogdoches County
(defendant)

§
§
§
§
§
§
§
§

"Applicants'
Rebuttal"

Now comes applicant, Tracy Gibson #1436824; and submitts his "Rebuttal" to the defendants order to deny applicants writ of habeas corpus. The defendants held a hearing on August 6th, 2015, at the order of Criminal Court of Appeals. Said hearing was in regards to establish ineffective assistance of counsel.

Defendants order to deny applicants writ was filed on August 12th, 2015. On the first page the defendants said: "... to be considered Relators Pro se application for Writ of habeas

(1)

corpus filed on November 10th, 2014." This is one of several subsequent §11.07's filed. However, the trial court fails and neglects to address the original §11.07 writ habeas corpus, I filed in August, 2007. The court-appointed attorney, Gene Caldwell neglects to mention or address the issue that he did not advise me that the original indictment was invalid because it omitted a "deadly weapon finding". Furthermore, no persons' opinion can be claimed as a finding of facts. There is no material of record that provides evidence as to the content(s) of the "private conference" between myself and court-appointed attorney; Mr. Gene Caldwell. Had he been observant at the plea bargain hearing; he would have taken the opportunity to notice and advise me that the original indictment used to convict me and the enhancement paragraph; failed and neglected to affirm a "deadly weapon finding." Then and only then would this information provide that I could have been reindicted for a lesser included offense. The original plea bargain; recommended from the District

(2)

Attorners' office; specifically provides that it was a 1st degree criminal charge; enhanced.

In the Reporter's Record of the original plea bargain transcript the trial court states the final hearing as a futuristic event dated for "13th day of April, 2017." It is now only the year, 2015. My trial courts' ~~discrepencies~~ discrepencies continue to persist. On page 4 Line(s) 10-12 it states by; Judge Campbell Cox II, I was being convicted on Aggravated Robbery, range of punishment 15-99; which agrees with the original plea bargain. Also, on page 9 Lines 7 and 8 mentioned by Judge Cox II states the criminal charge as Aggravated Robbery. Also, not included are the admonishments of the court of the oral pronouncement of the provisions for vTCA art. § 42.12 3(g) to which my judge did inform me of in open court but has not included it here in the record. How is it that my trial court is very well informed of the events; but my court-appointed attorney is the only person who disagrees with the trial courts fact fordings of material of fact that only supports aggravated robbery?

(3)

# Conclusion

In conclusion, the trial courts original admonishments are in fact in conflict with their recent order to deny applicants' writ for habeas corpus. The trial court is also in confusion as to which §11.07 filing it needs to respond to; 2007 filing? or; 2014 (Nov.)? The trial court still fails and neglects to respond; argue or dispute the material of fact that the original indictment is in fact "invalid" for omitting an afformative deadly weapon finding.

# PRAYER and Relief

Applicant requests prayer and relief that this honorable court has jurisdictional authority to exercise after reviewing it's material of facts. Also, applicant seeks the prayer and relief to "Leave of Court to Amend his complaint"; because of the "irreversible errors" caused by the trial court several years later now. Applicant, also seeks prayer and relief to submitt his first "interrogatories" to his trial court; 145th Superior District of Nacogdoches County.

(4)

Respectfully submitted, and executed; by me on this 21st day of August, 2015.

Tracy Gibson #1436824

Tracy Gibson #1436824

8-21-15

(5)